## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.    **The Parties.** The parties to this Settlement Agreement and General Release (the "Agreement") are AUGUSTIN SOBRINO, his heirs, representatives, agents, attorneys, successors and assigns (the "Plaintiff"); and SMKH, LLC, d/b/a SOUTH MIAMI KIA ("SMKH"), (the "Defendant").

2.    **General Release.** In consideration for the promises contained in this Agreement, Plaintiff unconditionally releases and discharges Defendant, and, without limitation, its predecessors, successors, parents, owners, members, managers (including, but not limited to, SD Auto Management, LLC), shareholders, subsidiaries, divisions, franchisees, related entities, and affiliates, and all of each such entities' officers, directors, shareholders, employees, insurers, agents, attorneys or assigns, in their individual and representative capacities (collectively, the "Released Parties"), from any and all claims, demands, liabilities, and causes of action, whether known or unknown, or suspected or unsuspected, which Plaintiff now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with, Plaintiff's employment with, or the separation of his employment with, the Released Parties, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Employee Retirement Income Security Act; the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; Workers' compensation retaliation claims (§ 440.205, Fla. Stat.); the Florida Private Whistle-blower's Act; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. Included in the claims, demands, liabilities, and causes of action being released and discharged are all claims under the Fair Labor Standards Act ("FLSA"). This Release includes all claims which were, or could have been, asserted in the lawsuit styled Augustin Sobrino v. SMKH, LLC, Case No. 15-22781-CIV-ALTONOGA/O'SULLIVAN, currently pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation"), or in any other litigation and/or charge of discrimination which could be brought against the Released Parties by Plaintiff for any claim.

3.    **No Admission of Wrongdoing.** By entering into this Agreement, Defendant does not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted, and expressly denies any and all such liability. The existence and execution of this Agreement shall not be considered, and shall not be admissible in any proceeding as an admission by Defendant of any liability, error, violation, or omission.

4.    **Dismissal of Litigation.** Within three (3) business days of receipt by Defendant's counsel of a fully executed copy of this Agreement, the Parties will file a Joint Motion for Approval of Settlement Agreement and to Dismiss all claims with Prejudice in the Litigation.




5.      **Settlement Sum.**  In exchange for the promises made by Plaintiff and execution of this Agreement, Defendant agrees to pay **FIVE THOUSAND FIVE HUNDRED DOLLARS and 00/100 ($5,5000.00)** (the "Settlement Sum") in full satisfaction of any and all Plaintiff's claims for wages, overtime pay, damages (including, but not limited to, Plaintiff's claims under the FLSA), attorneys' fees, and costs in the Litigation.  Defendant will provide the Settlement Sum to Plaintiff's counsel within ten (10) calendar days after the Court dismisses the Litigation with prejudice.  The Settlement Sum shall be payable as follows:

(a)     To Plaintiff, the sum of **One Thousand Six Hundred Seventy-Six Dollars and 00/100 ($1,676.00)**, less applicable taxes, as wages, in the form of a check payable to Plaintiff; Defendant shall issue an IRS Form W-2 to Plaintiff for this amount;

(b)     To Plaintiff, the sum of **One Thousand Six Hundred Seventy-Six Dollars and 00/100 ($1,676.00)**, as liquidated damages, in the form of a check payable to Plaintiff; Defendant shall issue an IRS Form 1099 to Plaintiff for this amount; and

(c)     The sum of **Two Thousand One Hundred Forty-Eight Dollars and 00/100 ($2,148.00)**, in the form of a check made payable to Trust Account of Remer & Georges-Pierre, PLLC, as attorneys' fees and costs. Defendant will issue IRS Form 1099 to Plaintiff's lawyer for this payment.

Regarding the attorney's fees and costs, the number of hours Plaintiff's counsel worked on this case, the description of the work done for those hours, and the nature of costs incurred are the following. The total amount of fees and costs incurred by Plaintiff's counsel totaled: $3,160.50, and are detailed in Exhibit "A" to the Joint Motion for Approval of Parties Settlement. However, the amount of attorneys' fees requested totals $1,650.00. This request, plus costs of $498.00, totals $2,148.00. This request is over $1,000.00 below the actual amount incurred.

These payments are conditioned upon the provision to Defendant's counsel of IRS Forms W-9. The Parties agree that no other monies are due to Plaintiff or his attorneys in connection with the settlement of all claims and the Litigation.

Plaintiff agrees that he is responsible for all applicable taxes as a result of the receipt of these monies. Plaintiff understands and agrees that Defendant is providing no representations regarding tax obligations or consequences that may arise from this Agreement. Plaintiff shall reimburse and indemnify Defendant for any taxes or penalties incurred by Defendant as a result of any nonpayment by Plaintiff of such Plaintiff's portion or contribution of any taxes on the Settlement Sum.

6.      **Representation.**  Plaintiff agrees that this Agreement is a fair and reasonable resolution of his claims for unpaid wages and overtime wages under the FLSA and other laws, and his agreement not to bring or pursue any other actions under the FLSA against the Defendant. Plaintiff agrees that the payments made under this Agreement are in excess of all minimum wage and overtime wages that he claims are allegedly owed to him, and that such payments provide him with additional consideration to which he would otherwise not be entitled.





The Settlement Sum is in full satisfaction of all attorneys' fees, costs, and claims which Plaintiff asserts or could assert against Defendant, and the Parties agree that no other monies are due to Plaintiff or his attorneys in connection with this Agreement. Should the Court revise the distribution of the Settlement Sum between Plaintiff and/or his counsel, the total of the Settlement Sum will remain the same.

7. **Confidential Information.** Plaintiff agrees that the terms of this Agreement are **CONFIDENTIAL**. Plaintiff agrees not to tell anyone about this Agreement and not to disclose any information contained in this Agreement to anyone, other than to Plaintiff's immediate family members, lawyers or financial advisor, or to respond to a valid subpoena or other legal process. If Plaintiff tells an immediate family member, lawyer or financial advisor about this Agreement or its contents, Plaintiff must immediately tell such individual that she must keep the Agreement confidential as well.

8. **Waiver of Reinstatement or Other Relationship.** Plaintiff hereby agrees that he waives reinstatement, and agrees not to seek future employment or any other business relationship, with the Released Parties. Any employment application, offer of employment, and/or attempt to do business with the Released Parties may be denied pursuant to this Agreement.

9. **Applicable Law.** This Agreement shall be governed by and construed according to the laws of the State of Florida.

10. **Representation by Plaintiff.** Plaintiff represents that, as of the date that this Agreement is executed, he is not aware of any additional claims that he may have against the Released Parties and hereby Plaintiff certifies that he has not filed any claim (except the Litigation released herein), and does not intend to file any claims, demands, liabilities, and causes of action against the Released Parties for actions that occurred prior to the date of this Agreement, related to his employment, and/or involving his employment, other than claims to enforce this Agreement.

11. **Enforcement and Severability.** This Agreement must be approved by the Court. In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

12. **Entire Agreement and Waiver.** This Agreement contains the entire agreement between Plaintiff and Defendant, and supersedes all other agreements, written or oral, between them. The failure of any party to enforce any of the provisions of this Agreement, at any time, shall not be deemed or construed to be a waiver of any such provisions, nor to in any way affect the validity of this Agreement or any provision hereof or the right of either of the Parties to thereafter enforce each and every provision of this Agreement. Plaintiff also acknowledges that he has not relied on any representation, promise, or agreement of any kind made in connection with the decision to sign this Agreement, except for those set forth in this Agreement.

13. **ADEA and Voluntariness.** This General Release includes, but is not limited to, all claims under the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act. Plaintiff agrees that the Settlement Sum exceeds any unpaid wages that are owed



-3-



to him and provides additional consideration to which he is not entitled. Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendant to consult with an attorney before signing the Agreement, that Plaintiff has been given at least twenty-one (21) calendar days to review and consider the provisions of this Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

14.    **Revocation Period.** Plaintiff understands and acknowledges that he has seven (7) calendar days following his execution of this Agreement to revoke his acceptance of the Agreement (the "**Revocation Period**") and that this Agreement shall not become effective or enforceable until the Revocation Period has expired. In addition, Plaintiff understands and acknowledges that no monies will be paid under the terms of this Agreement until the end of the Revocation Period.

15.    **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the Plaintiff and Defendant knowingly and voluntarily executed this Agreement during mediation as of the date set forth below:

AUGUSTIN SOBRINO

Date: 10-1-15

SMKH, LLC, D/B/A SOUTH MIAMI KIA

By: _____

Its: Pres

Date: 10/5/15

MIADOCS 11525798 2