UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22781-CIV-ALTONAGA/O'Sullivan

**AUGUSTIN SOBRINO**,

    Plaintiff,
v.

**SMKH, LLC**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the Amended Joint Motion for Approval of Parties' Settlement Agreement . . . ("Motion") [ECF No. 25], filed October 7, 2015. The parties have settled this case, filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq.*, and seek the Court's approval of the Settlement Agreement . . . ("Agreement") [ECF No. 25-1][1] entered into between Defendant, SMKH, LLC and Plaintiff, Augustin Sobrino. (*See generally* Mot.). Upon review of the record and the parties' documented basis for a settlement of the FLSA case, including an award of attorney's fees, the Court finds that settlement of this action is fair and reasonable and that the requested fee is fair and reasonable and not grossly excessive. Being fully advised, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 25]** is **GRANTED** as follows:

---

[1] The Agreement contains a confidentiality provision. (*See* Agreement 3). Where the Court must approve a settlement, the agreement becomes a part of the judicial record, and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002). Accordingly, parties may not submit a settlement agreement under seal or seek to have it reviewed in camera unless there is a compelling interest in secrecy. *Id.* at 928. Nevertheless, while the confidentiality provision seems to indicate the parties seek to maintain the Agreement's confidentiality, the parties did not file the Agreement under seal, so it appears on the public docket.

CASE NO. 15-22781-CIV-ALTONAGA/O'Sullivan

1. The Settlement Agreement **[ECF No. 25-1]** entered into between Defendant, SMKH, LLC and Plaintiff, Augustin Sobrino, which has been duly filed as a record of the Court, is **APPROVED** in its entirety.

2. This case is **DISMISSED with prejudice**, with each party to bear its own costs and attorney's fees except as otherwise agreed.

3. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

4. All pending motions are **DENIED as moot**.

   **DONE AND ORDERED** in Miami, Florida, this 8th day of October, 2015.

   _Cecilia M. Altonaga_
   **CECILIA M. ALTONAGA**
   **UNITED STATES DISTRICT JUDGE**

cc:   counsel of record